# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THERESA L. CHECKLEY,
        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-16-0454-W-1

DATE: June 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Theresa L. Checkley, Pearl, Mississippi, pro se.

Johnston B. Walker, Jackson, Mississippi, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  However, we FORWARD the appellant's allegations of agency noncompliance with the settlement agreement to the Atlanta Regional Office for docketing as a petition for enforcement.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed the instant IRA appeal alleging the agency retaliated against her for making certain protected disclosures.  Initial Appeal File (IAF), Tab 1.  On November 9, 2016, the parties executed a settlement agreement resolving the IRA appeal, which they submitted to the administrative judge to enter into the record for enforcement purposes.  IAF, Tab 34 at 4-8.  Pursuant to the settlement agreement, the appellant agreed to withdraw her appeal, and the agency agreed, among other things, to ensure that her ladder promotion was correctly reflected on a Standard Form (SF) 50, that she would receive a within-grade increase effective 1 year after her promotion, and that it would pay her any resulting back pay with interest.  *Id.* at 4-7.

¶3    In a November 10, 2016 initial decision, the administrative judge found that the settlement agreement was lawful on its face and that it reflected that the parties understood its terms and entered into it voluntarily.  IAF, Tab 35, Initial

Decision (ID). She further found that the Board has jurisdiction over the appellant's appeal. ID at 2. Therefore, pursuant to the parties' request, the administrative judge accepted the settlement agreement into the record for purposes of enforcement and dismissed the appeal as settled. *Id.*

¶4 On November 30, 2016, the appellant filed a "Response to Request for Reopening" asking the Board to vacate the settlement agreement on the basis of alleged misrepresentations by the agency and arguing that the agency failed to correct her SF-50 and failed to pay her the appropriate amount of back pay and interest. Petition for Review (PFR) File, Tab 1 at 3. The Clerk of the Board docketed the appellant's submission as a petition for review of the initial decision. PFR File, Tab 2. Several days later, the appellant submitted a supplemental pleading, which the Clerk of the Board accepted into the record, alleging that the administrative judge and the Office of Special Counsel (OSC) misconstrued her disclosures and asserting again that the agency has not provided her a corrected SF-50.[2] PFR File, Tab 3 at 4-5, Tab 4. The agency responded in opposition to the appellant's petition for review, and the appellant replied. PFR File, Tabs 5-6. In her reply, the appellant argues that the agency breached the settlement agreement and contends that she settled her appeal because the administrative judge was "not properly reviewing all evidence" and excluded "pertinent witness [sic] and involved parties from my case due to incorrect disclosures she had before her." PFR File, Tab 6 at 3, 5-6.

¶5 A settlement agreement is a contract between the parties and its terms are to be interpreted as a question of contract law. *Wofford v. Department of Justice*,

---

[2] The appellant also submitted a December 10, 2012 letter from the Defense Finance and Accounting Service regarding an overpayment it was seeking to collect. PFR File, Tab 3 at 6-10. Generally, the Board will not consider evidence submitted for the first time on review absent a showing that it is both new and material. *Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009); 5 C.F.R. § 1201.115(d). Here, although the overpayment letter is new, it is irrelevant to the validity of the settlement agreement. Therefore, we do not consider it.

115 M.S.P.R. 468, ¶ 6 (2010). An appellant may challenge the validity of a settlement agreement if she believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Id.* Even if invalidity was not apparent at the time of settlement, the agreement must be set aside if it is subsequently shown by new evidence that the agreement was tainted with invalidity by fraud or misrepresentation. *Id.* However, the party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id.*

¶6        Here, the appellant appears to allege that the settlement agreement is invalid based on misrepresentation by the agency because it has not provided her a corrected SF-50 or the appropriate amount of back pay and interest pursuant to the settlement agreement. PFR File, Tab 1 at 3, Tab 6 at 6. However, the agency's alleged noncompliance with the settlement agreement, even if true, is insufficient on its own to establish that the agency made any misrepresentation in the course of negotiating the settlement agreement. *See Wofford*, 115 M.S.P.R. 468, ¶ 8. Likewise, the appellant's allegations that OSC misconstrued her disclosures and that the administrative judge somehow erred in the handling of her appeal have no bearing on the validity of the settlement agreement. Even if true, these allegations do not suggest that the settlement agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Id.* In sum, there is no evidence to support the appellant's bare assertions of invalidity, and we find no basis to invalidate the agreement.

¶7        The appellant's allegations that the agency failed to comply with the settlement agreement must be raised in the first instance before the regional office that accepted the agreement into the record. *Harris v. U.S. Postal Service*, 59 M.S.P.R. 222, 225 (1993). Therefore, we forward the appellant's allegations of noncompliance to the regional office for adjudication as a petition for enforcement. *Id.*; 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.